**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| STEVEN DOTSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-1648-WTL-MPB |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the amended motion of Steven Dotson ("Mr.
Dotson") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with
prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

Mr. Dotson was convicted of being a felon in possession of a firearm under 18 U.S.C.
§ 922(g)(1), on January 10, 2012, after a bench trial in the United States District Court for the
Southern District of Indiana. *United States v. Dotson*, 1:11-cr-056-WTL-DML-1, Crim. Case,
Dkt. No. 43. He was sentenced to a term of 188 months to be followed by a 5 year term of
supervised release. The 188 month sentence was based on the Court's finding that Mr. Dotson
was an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act)
("ACCA"). Judgment was entered August 20, 2012. Crim Case, Dkt. No. 56. The Seventh
Circuit Court of Appeals affirmed the conviction on April 4, 2013. *United States v. Dotson*, 712
F.3d 369 (7th Cir. 2013). Mr. Dotson's petition for writ of certiorari was denied by the United
States Supreme Court on October 7, 2013. *Dotson v. United States*, 134 S.Ct. 238 (2013).

The Court found Mr. Dotson to be an armed career criminal after finding that he had three or more prior convictions that qualified as "violent felonies." Those Indiana convictions included burglary, armed robbery, dealing in cocaine, and attempted robbery. In his amended motion to vacate under § 2255, Mr. Dotson claims that two of his predicate offenses, burglary and attempted robbery, are not violent felonies under the ACCA. Dkt. No. 39; Dkt. No. 45. The United States opposes his amended § 2255 motion.

As noted, throughout this litigation, Mr. Dotson has not challenged two of his four predicate offenses: armed robbery and dealing in cocaine. In Mr. Dotson's reply, Dkt. No. 54, for the first time since this action was filed in 2014, he argues that his dealing in cocaine conviction is not a serious drug felony conviction. Even if this argument had not been waived by being raised only in the reply, the Court need not consider it on the merits because Mr. Dotson has three other predicate violent felonies: burglary, armed robbery, and attempted robbery.

*Discussion*

The ACCA "imposes a 15-year minimum sentence on defendants convicted of illegally possessing a firearm,…who also have at least three prior convictions for a 'violent felony' or a 'serious drug offense.'" *United States v. Foster*, 877 F.3d 343, 344 (7th Cir. 2017). "ACCA defines 'violent felony' in relevant part as any felony that 'is burglary.' 18 U.S.C. § 924(e)(2)(B)(ii)." *Id.* "The term 'burglary' in § 924(e)(2)(B)(ii), however, refers only to crimes that fit within 'generic' burglary, which the Supreme Court has defined as 'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). "Determining whether burglary under a given state's law is a violent felony presents a categorical question that focuses exclusively on the state crime's elements and not on the facts underlying the conviction." *Id.*

(citing *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016)). "The state crime's elements must be the same as, or narrower than, the elements of generic burglary, so that the crime covers no more conduct than the generic offense." *Id.*

The Seventh Circuit has determined that an Indiana Class C burglary conviction is a valid predicate offense under § 924(e)(2)(B)(ii). *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017); *Foster*, 877 F.3d at 344 ("We recently held in *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017), that Indiana Class C burglary is a violent felony because it is at least as narrow as generic burglary."). Mr. Dotson's burglary conviction in 1993, No. 49G06-9301-CF-007715, was a C felony. *Perry* controls the outcome here.

In addition, with regard to the conviction of attempted robbery, the Seventh Circuit has declared that the "law of the circuit" is "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017). This holding was foreshadowed in 2016 in *United States v. Armour*, 840 F.3d 904, 909, n. 3 (7th Cir. 2016) (noting that "[a]n attempt conviction requires proof of intent to carry out all elements of the crime, including, for violent offenses, threats or use of violence."), and in Judge Hamilton's concurring opinion in *Morris v. United States*, 827 F.3d 696, 699 (7th Cir. 2016) (concluding that "an attempt to commit a crime should be treated as an attempt to carry out acts that satisfy *each element of the completed crime.*"). Mr. Dotson's prior felony of attempted robbery qualifies as a valid predicate offense.

### *Conclusion*

Mr. Dotson is not entitled to relief pursuant to 28 U.S.C. § 2255. The amended motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-00056-WTL-DML-1.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Dotson has failed to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

William T. Lawrence

Date: 3/9/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Steven Dotson, #09940-028
FCI Terre Haute
P. O. Box 33
Terre Haute, IN 47808